UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:07-cr-99-T-23TBM
     8:13-cv-110-T-23TBM

JOSE ANTONIO GOVEO-ZARAGOZA
                                                /

**O R D E R**

Zaragoza's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiracy to possess with intent to distribute cocaine while on board a vessel, for which offense he was sentenced to 235 months, but which was later reduced to 151 months based on the government's motion under Rule 35(b), Federal Rules of Criminal Procedure.  Zaragoza also moves for both an extension of time to file a supporting memorandum (Doc. 2) and a transcript of his guilty plea hearing.  (Doc. 3)  The motion to vacate is time-barred.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."  *Accord Wright v. United States*, 624 F.2d

557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

The motion to vacate asserts three grounds for relief. Ground one alleges the ineffective assistance of counsel based on actual innocence. Ground two alleges the ineffective assistance of counsel but without specifying an error by counsel. Ground three alleges a lack of jurisdiction. No ground identifies a supporting fact other than "see memorandum and brief." Zaragoza filed no memorandum or brief but instead moves for an extension of time (Doc. 2) to file a supporting memorandum. As a consequence, the motion to vacate fails to adequately allege a substantive claim. Zaragoza represents that he will prepare a supporting memorandum after he reviews a transcript of the guilty plea hearing. Zaragoza requests (Doc. 3) a copy of the transcript. A defendant is not entitled to a guilty plea transcript before he files a valid motion under Section 2255. Zaragoza's insufficient motion to vacate fails to qualify for a free transcript because a "naked allegation of ineffective assistance of counsel"

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

fails to entitle a defendant to a free transcript. *United States v. MacCollom*, 426 U.S. 317, 327-28 (1976).

Even if Zaragoza's motion to vacate is sufficient, the motion is untimely. The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because his conviction was final in 2009, Zaragoza's limitation expired one year later, in 2010. Zaragoza dated his motion to vacate in December, 2012, which is more than two years late. Consequently, Zaragoza's motion to vacate is time-barred under Section 2255(f)(1).

Presumably[2] Zaragoza's naked assertion of actual innocence is based on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012). A delayed start of the limitation under Section 2255(f)(3), which provides for beginning the limitation on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Although Zaragoza filed his motion to vacate within one year of *Hurtado*, that decision affords Zaragoza no relief.

First, a delayed start of the limitation under Section 2255(f)(3) requires the recognition of a new right by the Supreme Court. *Hurtado* is a circuit court decision,

---

[2] Many defendants have recently asserted both actual innocence and lack of jurisdiction based on *Hurtado*.

- 3 -

not a Supreme Court decision. As a consequence, Zaragoza cannot benefit from *Hurtado* under Section 2255(f)(3)'s provision for a delayed start of the limitation.[3]

Second, *Hurtado* is factually distinguishable. Zaragoza was convicted of violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §70503(a), *et. seq.*, which is based on the constitutional authority granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10. *Hurtado*, 700 F.3d at 1248-49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three distinct grants of power: the power to define and punish piracies, the power to define and punish felonies committed on the high seas, and the power to define and punish offenses against the law of nations. *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L. Ed. 57 (1820). The first two grants of power are not implicated here: piracy is, by definition, robbery on the high seas, *United States v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, *see* U.S. Const., Art. I, § 8, cl. 10. The United States relies instead on the third grant—the Offences Clause—as the source of congressional power to proscribe the defendants' drug trafficking in the territorial waters of Panama. The question whether Congress has the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation is an issue of first impression in our Court.

*Hurtado* rejected the argument that the "Offences Clause" supports the MDLEA. "Because drug trafficking is not a violation of customary international law,

---

[3] Although it will control future cases, the retroactive application of *Hurtado* to a final case is controlled by Section 2255(f)(3)'s requirement that the new right is one initially recognized by the Supreme Court.

we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." 700 F.3d at 1258. *Hurtado* is inapplicable to Zaragoza because he was not in a country's territorial water when his vessel was seized.

Zaragoza's pre-sentence report (¶15) reveals that Zaragoza's vessel was seized in the Pacific Ocean approximately twenty nautical miles southwest of the Isla De Coiba, Panama, which places the vessel in international water. Zaragoza voiced no objection to the prosecutor's factual representation during the change of plea that the vessel was in international water. (Doc. 315 at 22 and 25 in 8:07-cr-99-T-23TBM) Zaragoza voiced no objection to the fact statement in the pre-sentence report (¶15) that the vessel was twenty miles asea from Panama. (Doc. 342 at 46 in 8:07-cr-99-T-23TBM) Because Zaragoza was not within a country's territorial water, *Hurtado* is inapplicable and Zaragoza is not entitled to a delayed start of the limitation.

Third, Zaragoza is not actually innocent of conspiracy to possess with the intent to distribute cocaine while on board a vessel, the offense to which he pleaded guilty. Although actual innocence, if proven, permits the review of time-barred federal claims, Zaragoza is not actually innocent because "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Factually, Zaragoza conspired to possess with the intent to distribute cocaine while on board a vessel without regard to whether the vessel was in territorial or international water. *Hurtado*'s holding that a district court lacks subject matter

jurisdiction is limited to acts that occur within territorial water. *Hurtado* is inapplicable to Zaragoza because his vessel was seized in international water.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred and not entitled to a delayed start of the limitation under *Hurtado*. The motion for an extension of time to file a supporting memorandum (Doc. 2) and the motion for a transcript of the guilty plea hearing (Doc. 3) are **DENIED**. The clerk shall close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Zaragoza is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Zaragoza must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred and not entitled to a delayed start of the limitation, Zaragoza cannot meet *Slack*'s prejudice

requirement.  529 U.S. at 484.  Finally, Zaragoza is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Zaragoza must pay the full $455 appellate filing fee without installments unless the circuit court allows Zaragoza to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on January 17, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE